IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE DISTRICT COUNCIL NO. 14 METAL POLISHERS 401(K) RETIREMENT PLAN FUND; and TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND, <br><br> Plaintiffs, <br> v. <br><br> THE STONE AND METAL GROUP, LLC, a foreign limited liability company, <br><br> Defendant | No.   18 cv 6663 <br><br> Judge <br><br> Magistrate Judge |

## COMPLAINT

Plaintiffs, by and through their attorneys, DONALD D. SCHWARTZ, JAMES R. ANDERSON, ANDREW S. PIGOTT, and ARNOLD AND KADJAN LLP, complain against the Defendant, THE STONE AND METAL GROUP, LLC, as follows:

### COUNT I

1.  This court has subject matter jurisdiction and pursuant to Section 301 of the National Labor Relations Act, as amended, 29 U.S.C. Section 185(a), and Section 502 of the Employee Retirement Security Act of 1974, as amended, 29 U.S.C. Section 1132 (e)(1), 1145 and 28 U.S.C. Section 1331, and federal common law.

2.  The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section 1132(e) as the Plaintiffs' Fund is administered in this judicial district.

3.  The Plaintiffs are the Trustees of the District Council No. 14 Metal Polishers

401(k) Retirement Plan Fund ("Retirement Fund") and have standing to sue pursuant to 29 U.S.C. Section 1132 (d)(1).

4. The Retirement Fund is an employee retirement plan fund in that it was established by Agreements previously entered into between Painters' District Council No. 14 (the "Union") and certain employers in the Chicago Metal Contractors Bargaining Association for the purpose of providing retirement benefits to employees.

5. The Retirement Fund is maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186 et. seq., and the Employee Retirement Security Act, 29 U.S.C. Section 1001, et. seq., and also pursuant to the terms and provision of the Collective Bargaining Agreement and Declaration of Trust ("Trust Agreement") which established the Retirement Fund.

6. The Stone and Metal Group LLC ("Stone and Metal") at all pertinent times herein, has been a party to the collective bargaining agreement "Labor Agreement") between The Chicago Metal Contractors Bargaining Association and the Union.

7. Pursuant to the provisions of the Labor Agreement, Stone and Metal has been Required to make periodic contributions to the Retirement Plan Fund for its employees in accordance with the provisions of the Trust Agreement establishing that Fund.

8. Under the terms of the Labor Agreement and Trust Agreement to which it is bound, Stone and Metal is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not is in compliance with its obligation to contribute to the Retirement Fund. In addition, the Labor Agreement and the Trust Agreement

require Stone and Metal to pay liquidated damages, penalties, auditor fees, and all attorneys' fees and court costs incurred by the Funds in the collection process.

9. Stone and Metal has breached the provisions of the Collective Bargaining Agreement and Trust Agreement by failing to submit all of the required contributions to the Retirement Fund for various work months during the period from July 1, 2018 through the present. Stone and Metal has also breached the provisions of the Collective Bargaining Agreement and Trust Agreement by failing to pay all of the liquidated damages and penalties which it owes based contribution reports which have been paid, but which were not paid by Stone and Metal in accordance with the provisions of the Collective Bargaining Agreement and Trust Agreement for certain periods of time from January 2015. A compliance audit is necessary to determine the extent of Stone and Metal's liability to the Fund.

10. Pursuant to the provisions of the Labor Agreement and Trust Agreement and/or ERISA, Stone and Metal is required to pay liquidated damages and penalties on monthly reports, liquidated damages, auditor fees, interest and all attorneys' fees and court costs incurred in the collection process.

11. Stone and Metal is obligated to pay the attorney's fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreement, the Trust Agreement, and 29 U.S.C. Section 1132 (g)(D).

12. Pursuant to 29 U.S.C. 1132 (g)(2)( c ), Plaintiffs are entitled to an amount equal to the greater of:

    (i) interest on the unpaid contributions; or

(ii) damages provided for under the Trust Agreement not in excess of twenty percent of the amount that is due.

### Relief Sought

WHEREFORE, Plaintiffs pray for relief as follows:

A. That Stone and Metal be ordered to produce books and records for a fringe benefit fund contribution compliance audit for the period from January 1, 2015 through the present;

B. That judgment be entered in favor of Plaintiffs and against the Defendant Stone and Metal in the amount shown to be due on the reports, and the audit;

C. That Plaintiffs be awarded their costs herein, including interest, reasonable attorneys' fees and court costs incurred in the prosecution of this action, together with penalties, liquidated damages and/or interest, and reasonable attorneys' fees and costs, all as provided by 29 U.S.C. Section 1132(g)(2)(D); and

D. That this Court grant such other and further relief as may be appropriate under the circumstances.

### COUNT II

### Jurisdiction and Venue

1-2. Plaintiffs reallege paragraphs 1 through 2 of Count I as and for paragraphs 1 through 2 of this Count II. This court also has jurisdiction under federal common law.

### The Parties

3. The Plaintiffs in this Count II are the Trustees of the Chicago Painters and Decorators Welfare Fund, ("Welfare Fund") and the Trustees of the District Council No. 14

Metal Polishers 401(k) Retirement Plan Fund ("Retirement Fund") and they have standing to sue pursuant to 29 U.S.C. Section 1132 (d)(1)

4. The Welfare Fund is an employee benefit fund in that it was established by Agreements previously entered into between Painters' District Council No. 14 (the "Union") and certain employers for the purpose of providing benefits to employees.

5. The Welfare Fund is maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186 et. seq., and the Employee Retirement Security Act, 29 U.S.C. Section 1001, et. seq., and also pursuant to the terms and provision of the Collective Bargaining Agreement and Declaration of Trust ("Trust Agreement") which established the Welfare Fund.

6. The Stone and Metal Group LLC ("Stone and Metal"), at all pertinent times herein has been a party to the collective bargaining agreements ("Labor Agreement") between The Chicago Metal Contractors Bargaining Association and the Union.

7. Pursuant to the provisions of the Labor Agreement, Stone and Metal is bound to the Trust Agreement and is required to make periodic contributions to the Welfare Fund for his employees. Those contributions which are not paid on time are assessed liquidated damages.

8. Under the terms of the Labor Agreement and Trust Agreement to which it is bound, Stone and Metal is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not is in compliance with its obligation to contribute to the Welfare Fund. In addition, the Labor Agreement and the Trust Agreement require Stone and Metal to pay liquidated damages, auditor fees, and all attorneys' fees and court costs incurred by the Funds in the collection process.

9. Stone and Metal has breached the provisions of the Collective Bargaining

Agreement by failing to pay all of the required amounts owed for certain times from January 1, 2015 through the present. Stone and Metal has also breached the provisions of the Collective Bargaining Agreement and Trust Agreement by failing to pay all of the liquidated Damages which it owes upon contribution reports which have been paid, but which were not paid by Stone and Metal in accordance with the provisions of the Collective Bargaining Agreement and Trust Agreement.

    10-12. Plaintiffs reallege paragraphs 10 through 12 of Count I as and for paragraphs 11 through 12 of this Count II.

    WHEREFORE, Plaintiffs pray for relief as follows:

    A.    That Stone and Metal be ordered to produce its books and records for a fringe benefit fund contribution compliance audit for the period from January 1, 2015 through the present;

    B.    That judgment be entered in favor of Plaintiffs and against Stone and Metal for amounts shown to be due for an audit for the period from January 1, 2015 through the present, and for any and all unpaid liquidated damages and penalties which are owed by Stone and Metal to the Funds;

    C.    That Plaintiffs be awarded their costs herein, incurred in the prosecution of this action, together with liquidated damages and/or interest, and reasonable attorneys' fees and costs, all as provided by 29 U.S.C. Section 1132(g)(2)(D); and

    D.    That this Court grant such other and further relief as may be appropriate under the circumstances.

Respectfully submitted,

TRUSTEES OF THE DISTRICT COUNCIL NO. 14
METAL POLISHERS 401 (k) RETIREMENT PLAN
FUND, et al,


By:    s/James R. Anderson
          One of Plaintiffs' attorneys

DONALD D. SCHWARTZ
JAMES R. ANDERSON
ANDREW S. PIGOTT
ARNOLD AND KADJAN
35 East Wacker Drive, Suite 600
Chicago, IL 60601
(312) 236-0415